**STATE of Missouri, Respondent,**

v.

**Curtis Lee HENDERSON, Appellant.**

**No. 56441.**

Supreme Court of Missouri,
Division No. 1.

May 8, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

John J. Cosgrove, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for defendant-appellant; Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, Kansas City, of counsel.

SEILER, Judge.

Defendant was convicted, in a trial before the court, of the felony of stealing from a person, and after revocation of a try at probation, the court assessed punishment at five years. Defendant appeals.

Defendant filed a pre-trial motion to suppress identification by the victim, Mrs.

Young, contending the police procedures as to line-up and showing of photographs were unconstitutionally biased and suggestive. After a hearing the trial court overruled this motion. Defendant asserts this was error.

Mrs. Young returned to her apartment at 11:30 p. m. on July 11, 1969. As she unlocked the door she realized two "colored boys" were behind her on the porch. She asked them to leave. They refused. She sprayed them with a gas gun, backing them off the porch. One broke off some shrubbery and flailed her face and the other took her purse containing over $100 in cash.

The night was moonlit and there was a street light across the street. During the attack, Mrs. Young looked directly at her assailants. She was able to describe the shorter one better because he was in front of her during the gas spraying. She remembered his flat nose and "his cheek and line of his face." He was wearing a hat, but not glasses or mustache.

About ten days later, Mrs. Young selected a picture of defendant from a stack of seven or eight police photographs of black males of about the same age as defendant with similar facial features chosen on the basis of her description. The police did not in any manner suggest which photograph she should select. She looked at four or five photographs before she came to the picture of defendant. She immediately recognized him.

On July 23, the police asked Mrs. Young to come to the station to view a line-up. They informed her that one of those who would appear in the line-up had been arrested for the offense. At the station, the police instructed her concerning procedure at a line-up. They cautioned her to be positive before making an identification. Mrs. Young said she recognized defendant as soon as he walked on the line-up platform, even before he turned toward her. She identified defendant based on his height and facial features observed during the commission of the offense. The other two persons in the line-up were of color, age and height similar to defendant. Photographs of these two were introduced during the pre-trial hearing.

On the above record, we find no reversible error in the action of the trial court in overruling the motion to suppress, nor do we agree with defendant's contention that Mrs. Young's identification was so uncertain that defendant's motion for acquittal should have been sustained.

The judgment is affirmed.

All of the Judges concur.